Nick **GILLILAND**, Plaintiff,

v.

**MOTOROLA, INC. and Next Level Communications, Inc., Defendants.**

**C.A. No. 411–N.**

Court of Chancery of Delaware, New Castle County.

Submitted: Sept. 30, 2004.

Decided: Oct. 8, 2004.

---

8. *Id.* at 449.

9. 1994 WL 762670 (Del.Super.)

See also 834 A.2d 828.

Ronald A. Brown, Jr., Esquire, Prickett, Jones & Elliott, P.A., Wilmington, Delaware, Attorneys for the Plaintiff.

Kenneth J. Nachbar, Esquire, Megan Ward Cascio, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware; Stephen M. Sacks, Esquire, Arnold & Porter, LLP, Washington, D.C., Attorneys for the Defendants.

## *OPINION*

LAMB, Vice Chancellor.

### I.

A former stockholder of Next Level Communications, Inc. brings this action on behalf of a class seeking "quasi-appraisal" for alleged breaches of fiduciary duty and statutory violations against Next Level and its parent, Motorola, Inc. The action

arises out of the 2003 going private transaction in which Motorola, the owner of 74% of the common stock of Next Level, acquired the publicly held minority interest in a tender offer followed by a short-form merger. The putative class consists of those non-tendering Next Level stockholders whose shares were cashed out in the second-step merger. The complaint challenges the timing and adequacy of disclosures made in connection with that cash-out transaction.

■ The defendants have moved for summary judgment. The principal issue raised by their motion is whether a notice of short-form merger issued immediately after the conclusion of a hotly contested tender offer can satisfy the parent company's fiduciary duty of disclosure when that notice contains merely the statutorily mandated information about the mechanics of perfecting a demand for appraisal and no other information relating to the value of the merged entity or its securities. The court concludes that, even when adequate, current information is found in the "total mix" of publicly available information, the fiduciary duty of disclosure requires that a notice of short-form merger either be accompanied by detailed disclosures or disclose summary financial information and adequately advise stockholders where and how to obtain more detailed information.

## II.

In January 2003, Motorola launched a tender offer for the minority-held common shares of Next Level by filing its Schedule TO with the SEC. Motorola offered as consideration $1.04 per share. The Schedule TO and the Offer to Purchase sent to Next Level stockholders contained comprehensive disclosures concerning Motorola's evaluative process. These disclosures included (1) Motorola's independent financial analysis and projections of Next Level's revenues, (2) a discussion of Next Level's products and industry, and Motorola's assessment of the same, (3) a detailed summary report prepared by JP Morgan for Motorola's management, and (4) summary financial statements as required by the SEC.

In response to the initial announcement, Next Level's board of directors (a majority of whom were independent of Motorola) met and formed a special committee of independent directors (the "Independent Committee") to evaluate the Motorola offer. The Independent Committee concluded that the offer was inadequate and not in the best interests of the Next Level stockholders. On February 4, 2003, at the recommendation of that committee, the Next Level board of directors authorized the filing of a Schedule 14D–9 Solicitation and Recommendation Statement with the SEC and, simultaneously, authorized the filing of a lawsuit in this court seeking to enjoin the Motorola offer.[1] The 14D–9 expressed the Next Level board's belief that the Motorola offer significantly undervalued Next Level's long-term prospects. It also contained a set of projections for Next Level that were more optimistic than those earlier furnished to Motorola and included in Motorola's Offer to Purchase.

On February 25, 2003, this court denied Next Level's motion for a preliminary injunction against the Motorola tender offer, as well as a similar motion made in companion stockholder litigation.[2] In a 57–

---

1. *Next Level Communications, Inc. v. Motorola, Inc.*, 834 A.2d 828 (Del.Ch.).

2. *Next Level Communications, Inc. v. Motorola, Inc.*, 834 A.2d 828, 844 (Del.Ch.2003).

The companion litigation was styled *In re Next Level Communications, Inc. Stockholders Litig.*, C.A. No. 20114.

page opinion, the court considered and rejected a myriad of challenges to the structure and timing of Motorola's tender offer and the disclosures made in its Offer to Purchase.

On March 26, 2003, Motorola raised its offer to $1.18 per share. Included with its amended Offer to Purchase were supplemental disclosures describing recent events and updating the earlier disclosures outlined above. When the amended tender offer expired on April 11, 2003, Motorola acquired sufficient shares in Next Level to raise its holding in Next Level to approximately 88%. As promised in its Offer to Purchase, Motorola promptly converted enough Next Level preferred stock into common stock to raise its Next Level common holdings over the 90% threshold necessary to conduct a short-form merger. On April 24, 2003, Motorola acquired the remaining interest in Next Level by a merger accomplished pursuant to 8 *Del. C.* § 253, Delaware's short-form merger statute.

As will be discussed later in this opinion, the summary judgment record shows that, in accordance with 8 *Del. C.* § 262(d)(2), Next Level prepared and distributed to the holders of record of Next Level common stock a notice of merger and appraisal rights (the "Notice"). In compliance with the express requirements of that statute, the Notice informed the recipients about the approval and effective date of merger and of their right to seek appraisal and, as also required, included a copy of the full Delaware appraisal statute. The Notice did not, however, disclose any other information about Next Level, its worth, or the

value or historic trading prices of its shares. Nor did the Notice identify, or incorporate by reference, any publicly available documents containing information of that sort, such as the documents filed and disseminated in connection with Motorola's tender offer or Next Level's Form 10–K for 2002, filed with the SEC on April 15, 2003. Several persons demanded appraisal but, allegedly, "the[ir] number ... was so small that an appraisal action was not economically viable and had to be abandoned." [3]

One year later, the plaintiff filed this action. The unverified complaint first alleges that the Notice was never sent or, if sent, was sent beyond the statutorily prescribed ten-day period. In addition, the complaint alleges that Motorola, as the controlling stockholder of Next Level, violated its common law fiduciary duty of disclosure by not including in the Notice (assuming one was sent) any information as to the value of Next Level.[4] The complaint does not allege that the draft Notice did not otherwise satisfy the minimal statutory disclosure requirements found in Section 262 itself.

The plaintiff purports to bring his complaint as a class action, asserting the right to maintain a "quasi-appraisal" action on behalf of all persons whose shares were acquired in the cash-out merger. Notably, the plaintiff never sought (and does not now seek) relief directing the defendants to furnish a corrected notice or to provide a fair opportunity to demand appraisal. Moreover, although the complaint is silent on this point, it would appear that the named plaintiff and all other members of

---

3. Compl. ¶ 11.

4. The complaint refers to a draft of the Notice that was filed with the SEC on April 24, 2003, but alleges that no final document was ever prepared or disseminated. According to the defendants, the Notice, in the form in which it

was mailed to stockholders, is attached as Exhibit A to the Affidavit of Mark C. Smith submitted in connection with the defendants' opening brief in support of their motion for summary judgment.

the putative class were paid for their Next Level shares.

The allegations regarding the mailing of the Notice are found in paragraphs 5 though 10 of the unverified complaint. There it is alleged that Jeffrey Zore, a street name holder of Next Level who chose not to tender, became suspicious when, in May 2003, he realized that he had not received a copy of notice of merger in the mail. According to the complaint, Zore then inquired of Next Level and, in response, received an affidavit from a mailroom employee of Next Level's proxy agent stating that a notice had been mailed. However, according to the complaint, this affidavit did not attach a copy of any such notice. In order to clarify whether the mailing described in the affidavit included such a notice, Zore telephoned the proxy agent and, the complaint alleges, was told that nothing relating to the appraisal had been mailed. Finally, the complaint alleges that Zore thereafter spoke to 50 former Next Level stockholders, none of whom had received a notice. Zore then wrote and informed Motorola of his findings.

### III.

Motorola and Next Level moved for summary judgment and submitted two affidavits that, they contend, prove that the Notice was timely sent. The first of these is the Affidavit of Mark C. Smith of Mellon Investor Services LLC, Next Level's former transfer agent. Smith first states that neither Gilliland, the named plaintiff, nor Zore were stockholders of record as of the date of the short-form merger at issue. He then states that, following that merger, Mellon obtained from Next Level the Notice which it then delivered to Proxy Services Corp. ("PSC"), a firm hired to act on behalf of Next Level as distribution agent for the purpose of sending the Notice to the former Next Level stockholders.

The second affiant is Gregory S. Penn, who is employed by PSC. He states that, "[o]n or about May 1, 2003, Mellon provided us with a list of 287 names and addresses that we were told were the record stockholders of Next Level as of April 24, 2003."[5] He then states that, on May 1, 2003, PSC mailed 287 envelopes addressed to the persons on the list furnished to PSC and containing materials identified in this opinion as the Notice. Copies of those materials are attached to Penn's affidavit and are represented as having come from PSC's files. In addition, he states, PSC caused copies of those materials to be delivered to Depositary Trust Company by overnight courier on that same date.

The defendants' brief in support of their motion for summary judgment also contends that, in light of the "total mix" of recently published information regarding Next Level, their common law fiduciary duty of disclosure did not require them to include any financial disclosures in the Notice. In this regard, they point out that there was no material development affecting Next Level's prospects or value between the end of the tender offer and the accomplishment of the short-form merger.

The plaintiff's brief in opposition joins issue on the legal question concerning the disclosures found in the Notice, as will be discussed, *infra*. The plaintiff's opposition does not, however, contradict the facts set forth in the Smith and Penn affidavits, other than to refer and rely upon the unsworn allegations of the complaint and the hearsay letters attached to it. Specifically, the plaintiff elected not to depose either affiant or to engage in any other

5. Penn Aff. ¶ 3.

discovery relating to the mailing of the Notice.

## IV.

The complaint alleges that Motorola violated its statutory disclosure duty by not timely mailing a notice of merger as required by section 262 of the Delaware General Corporation Law. Pursuant to that section of the law, a notice of merger and appraisal rights must be mailed within ten days after the implementation of a short-form merger. This notice must inform the former stockholders of their right to an appraisal, the effective date of the merger, and provide a copy of section 262.[6]

■ Only "stockholders" are entitled to such notice. The statute defines a stockholder as "a holder of record of stock in a stock corporation and also a member of record of a nonstock corporation."[7] The Delaware Supreme Court has held that an unregistered stockholder is not a "stockholder" within the meaning of section 262 and is, therefore, not entitled to demand appraisal of her shares.[8] When shares of publicly traded companies are held in "street name," i.e. in the name of brokers or fiduciaries for the account of beneficial owners, these brokers or fiduciaries are the stockholders of record.[9] Therefore, the corporation satisfies its notice obligation under section 262 by sending notice to the brokers or fiduciaries, and is *not* required to send notice to the beneficial owners.

On a motion for summary judgment, if the moving party puts facts in the record that, if unrebutted, entitle her to summary judgment, the burden shifts to the party opposing summary judgment to dispute the facts by affidavit or proof of similar weight.[10] If the nonmoving party fails to introduce countervailing evidence or affidavits, summary judgment may be granted.[11]

In this case, the merger was effective on April 24, 2003. According to affidavits submitted by Motorola, on May 1, 2003, the notice was sent out by United States mail to the 287 shareholders of record and sent by overnight delivery to the Depository Trust Company.[12] This was within the ten-day statutory period.

■ The plaintiff failed to introduce evidence "by affidavit or proof of similar

---

**6.** 8 *Del. C.* § 262(d)(2) states, in pertinent part:

> If the merger or consolidation was approved pursuant to § 228 or § 253 of this title, then either a constituent corporation before the effective date of the merger or consolidation or the surviving or resulting corporation within 10 days thereafter shall notify each of the holders of any class or series of stock of such constituent corporation who are entitled to appraisal rights of the approval of the merger or consolidation and that appraisal rights are available for any or all shares of such class or series of stock of such constituent corporation, and shall include in such notice a copy of this section. Such notice may, and, if given on or after the effective date of the merger or consolidation, shall, also notify such stockholders of the effective date of the merger or consolidation.

**7.** 8 *Del. C.* § 262(a); *see also Enstar Corp. v. Senouf*, 535 A.2d 1351, 1354 (Del.1987) (defining the term "stockholder" as a holder of record).

**8.** *Coyne v. Schenley Indus., Inc.*, 155 A.2d 238, 239 (Del.1959) (quoting *Salt Dome Oil Corp. v. Schenck*, 41 A.2d 583, 586 (Del.1945)).

**9.** *Berlin v. Emerald Partners*, 552 A.2d 482, 494 (Del.1989).

**10.** *Tanzer v. Int'l Gen. Indus., Inc.*, 402 A.2d 382, 385 (Del.Ch.1979).

**11.** *Feinberg v. Makhson*, 407 A.2d 201, 203 (Del.1979).

**12.** Penn Aff. ¶¶ 3–6; Smith Aff. ¶¶ 4–6.

weight" contradicting any of the sworn facts outlined above. Instead, the plaintiff relies upon the unverified allegations in the complaint to rebut the sworn affidavits put forward by the defendants. In the context of this motion for summary judgment, the unsworn allegations of the complaint are simply insufficient to create a material issue of fact requiring trial. For this reason, the undisputed factual record shows that the defendants timely mailed the Notice to the holders of record, and they are entitled to summary judgment on that issue.

## V.

The allegation that Motorola, as the controlling stockholder, violated its common law disclosure duty by omitting from the Notice any financial information as to the value of Next Level raises more serious concerns.

In the context of a short-form merger, the parent corporation bears the burden of showing complete disclosure of all material facts relevant to a minority shareholders' decision whether to accept the short-form merger consideration or seek an appraisal.[13] This duty is two-fold. First, the majority shareholder has a statutory duty to apprise the stockholders of their right to an appraisal, the effective date of the merger, and to provide a copy of section 262.[14] The statutory duty is mainly to notify the stockholders of the

merger and of their appraisal remedy,[15] and was satisfied by the Notice.

Second, and more pertinently, the majority shareholder has a common law fiduciary duty of providing substantive, financial information relating to the value of the company.[16] In describing this duty, the Delaware Supreme Court has said that the majority shareholder need not provide all the information necessary for the stockholder to reach an independent determination of fair value; only that information material to the decision of whether or not to seek appraisal.[17]

This case presents the novel issue of whether a corporation that sends a notice of short-form merger containing no financial disclosure can, nevertheless, be found to have satisfied its fiduciary duty of disclosure by implicit reference to the "total mix" of information disseminated in connection with a contemporaneously concluded tender offer. The plaintiff argues that settled Delaware Supreme Court precedent requires a negative answer to this question. He also argues that, in any event, the particular facts of this case would require substantive disclosures in the Notice.

All parties rely heavily upon the Supreme Court's decision in *Zirn v. VLI Corp.*[18] In *Zirn*, the stockholder plaintiff argued that the corporate defendants had made insufficient disclosure in their notice

---

13. *See Shell Petroleum, Inc. v. Smith*, 606 A.2d 112, 114 (Del.1992)

14. *See, e.g., Nebel v. Southwest Bancorp, Inc.*, 1995 WL 405750, at *6 (Del.Ch. July 5, 1995) (holding that the failure of the corporation to affix a copy of section 262 to the notice of merger was a "material" violation of the corporation's duty of disclosure).

15. *Zirn v. VLI Corp.*, 681 A.2d 1050, 1059 (Del.1996).

16. *Shell*, 606 A.2d at 114; *see also Glassman v. Unocal Exploration Corp.*, 777 A.2d 242, 248 (Del.2001) ("Where the only choice for the minority stockholders is whether to accept the merger consideration or seek appraisal, they must be given all the factual information that is material to that decision.").

17. *Skeen v. Jo–Ann Stores, Inc.*, 750 A.2d 1170, 1174 (Del.2000).

18. 681 A.2d 1050.

of short-form merger, which contained only summary financial information and a history of recent trading prices.[19] The Supreme Court emphasized that the majority stockholder in a short-form merger must disclose all information materially related to the decision whether to accept the consideration offered or seek appraisal.[20] The Supreme Court also noted, however, that the short-form merger is "an essentially summary procedure," and that the notice of merger "is primarily intended to notify the stockholders of action being taken by the parent corporation and to apprise the stockholders of their appraisal remedy."[21]

The obvious tension that the existence of the full-disclosure rule creates with the summary nature of section 253 was not lost on the *Zirn* court. "This apparent tension is resolved through an analysis of the factual circumstances of the case and an inquiry into the potential for deception or misinformation."[22] In *Zirn*, that analysis led the Supreme Court to conclude that, while the disclosures contained in the notice of merger were far from exhaustive, they were nonetheless sufficient.

The *Zirn* court noted several facts that made the limited disclosures in that case sufficient. First, substantial disclosure was provided in connection with the first-step tender offer that concluded shortly before the merger. Second, the terms of the tender offer were reached through arm's-length negotiations.[23] Relying on these factors, the Supreme Court held, "[i]n this context, the Notice of Merger need generally not be as detailed as in a context where the specter of intentional misinformation is present."[24] From *Zirn*, it is clear, at least, that the inquiry as to whether the amount of information that accompanies a notice of short-form merger is sufficient to satisfy a majority shareholder's common law duty of disclosure is highly contextual.

Here, as in *Zirn*, both the acquiring company (Motorola) and the target (Next Level) made substantial disclosure with regard to the financial condition of Next Level in documents filed and disseminated by them in connection with Motorola's tender offer. And, although Motorola's tender offer was the first step in a going private transaction, the fierce resistance shown by Next Level's board of directors is fairly seen to have resulted in a level of disclosure at least equal to that found in a typical negotiated third-party acquisition. This conclusion is particularly justified in view of this court's February 2003 decision rejecting each of the challenges made by Next Level and stockholder representatives to the adequacy of the disclosures in

---

19. Following oral argument on the motion for summary judgment, plaintiff's counsel furnished the court with a copy of the notice at issue in *Zirn*. That notice contained three pieces of substantive, financial information. First, it provided approximately two years of high and low bid quotations for the target stock. Second, it provided five years of summary financial data about the target company. Finally, it made reference to more complete filings with the SEC and described how to obtain copies of them.

20. 681 A.2d at 1059; *see also Shell*, 606 A.2d at 114 ("As the majority shareholder, [the

parent company] bears the burden of showing complete disclosure of all material facts relevant to a minority shareholders' [sic] decision whether to accept the short-form merger consideration or seek an appraisal.").

21. *Zirn*, 681 A.2d at 1059.

22. *Id.*

23. *Id.* at 1059 n. 4.

24. *Id.*

Motorola's tender offer materials.[25] Thus, as is *Zirn*, the "potential for deception or misinformation" in connection with the short-form merger was low and, therefore, there is no reason to conclude that Motorola was under a duty to make voluminous disclosures in the Notice.

Pointing to the tender offer disclosures and, in particular, the Supplemental Offer to Purchase disseminated on March 25, 2003, the defendants argue that an examination of the factors identified in *Zirn* "clearly supports a finding that [they] met their disclosure obligations under Delaware law."[26] The court believes that the Notice at issue here would have passed muster under *Zirn* if it had referred to the available public filings with instructions for obtaining them and disclosed summary financial information derived from them. However, although recognizing that *Zirn* turns on a textured resolution of the "tension between the summary nature of the section 253 procedure and the supplementary duties provided by common law,"[27] the court is unwilling to conclude that the impetus to streamline the short-form merger procedure can ever justify a complete absence of financial disclosures in a notice of merger issued pursuant to section 262.

In cases where adequate information is, in fact, publicly available, it will always be a simple exercise to identify the relevant disclosure documents and either include them with the notice, or extract and disclose summary information from them, and advise stockholder how to obtain more complete information. At least some stockholders will both need and rely upon this information in deciding whether or not to seek appraisal. In view of the modest cost of providing such information, a majority stockholder's fiduciary duty requires that such information be furnished in the notice of merger.

The court recognizes that, in the situation presented in this case, it is likely that many of those stockholders who chose not to tender to Motorola in the first step transaction had followed the widely reported struggle carefully, knew where and how to obtain information and advice, and had no practical need for even the summary information found in *Zirn*. Nevertheless, it is equally likely that there were other stockholders, neither so well-informed nor so well-equipped, who needed both summary financial and trading information and references to other sources of publicly available data from which complete information could be obtained. Their interests demand protection and support a finding, even in the context of the most fully disclosed "total mix" of information, that a notice given pursuant to section 262 must contain, at a minimum, summary financial and trading data and reference to the publicly available sources from which more complete information is available.

As the *Zirn* court observed, voluminous disclosure is not always required to accompany a short-form notice of merger.[28] Instead, the inquiry is highly contextual. In the present context, for the reasons already discussed, duplicative, exhaustive disclosure was unnecessary. The minimal disclosure in *Zirn*—a brief summary of the financial numbers and a description of where the more exhaustive disclosures would be located—would have sufficed. Motorola, however, did not even provide

---

25. *See supra* note 2 and accompanying text.

26. Def.'s Reply Br. at 4.

27. *Zirn*, 681 A.2d at 1059.

28. *Id.*

this minimal disclosure and, therefore, did not satisfy its disclosure duty.[29]

## V.

For the foregoing reasons, the defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART, in accordance with this opinion. IT IS SO ORDERED.

---

**29.** The court has not been asked to decide, and specifically does not determine at this time, what form of relief is best suited to address the defect in the Notice. Had the action been filed in May 2003, it is likely that the court would have ordered the dissemination of a new notice and accorded the stockholders a complete right to seek appraisal. It remains to be seen whether changes in circumstances occasioned by the plaintiff's one-year delay in filing the complaint justify some other form of relief, including the "quasi-appraisal" action he purports to bring.