James RADMORE, Appellant

v.

AEGIS COMMUNICATIONS GROUP,
INC., et al., Appellees.

No. 08–4751.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a), Sept. 15, 2009.

Opinion Filed: Sept. 24, 2009.

James R. Radmore, Philadelphia, PA, pro se.

Marc J. Sonnenfeld, Esq., Andrew C. Whitney, Esq., Morgan, Lewis & Bockius, Philadelphia, PA, for Appellees.

Before: SLOVITER, FUENTES, and SMITH, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant James Radmore appeals the District Court's dismissal of his claim charging Aegis Communications Group, Inc., ("Aegis"), Essar Services (Mauritius) (f.k.a. World Focus), ("World Focus"), and Essar Investments Ltd., ("Essar," collectively "appellees"), with breaches of their fiduciary duties of loyalty, care and good faith in connection with the 2006 short-form merger wherein World Focus converted Aegis into a privately held corporation. First, the District Court dismissed Radmore's claims against World Focus and Essar pursuant to Fed.R.Civ.P. 12(b)(2), holding that it lacked personal jurisdiction over these foreign corporations. Second, the District Court dismissed Radmore's claims against Aegis pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted because the court determined that Radmore's sole remedy was an appraisal action in Delaware's Court of Chancery. For the foregoing reasons, we affirm the District Court's judgment.

### I.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court's order granting appellees' motion to dismiss. *See Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384, 386 (3d Cir.2005).

### II.

Because we write primarily for the parties, we discuss the facts only to the extent necessary for resolution of the issues on appeal.

This suit stems from the 2006 short-form merger, executed pursuant to Section 253 of Delaware General Corporation Law, whereby World Focus acquired Aegis's outstanding minority common stocks by merging World Focus's wholly-owned subsidiary ACG Acquisition into Aegis. As a result, Aegis was converted into a privately owned company. Radmore, a minority shareholder, held 1,065,500 shares at the time of the merger. Pursuant to Section 262(d)(2) of Delaware General Corporation Law, Computershare mailed a Notice of the short-form merger via first class U.S. mail to all of Aegis's record holders of common stock. The document sent to record holders was entitled "Notice of Merger and Appraisal Rights." The first page on this Notice indicated Aegis's minority

shareholders were to be paid five cents per share. Because Radmore was a beneficial owner of the stock, Notice was sent to Cede & Co., his broker and the holder of record.

Radmore commenced this action in Pennsylvania state court, accusing appellees of breaching their fiduciary duties of care, loyalty and good faith. He further contended that the merger lacked fair dealing and fair process. Radmore also stated that the five cent cash-out price was "blatantly unfair and fraudulent and grossly inadequate compensation for the share" and a dollar below market value. (App.13). Appellees removed the action to federal court and subsequently filed a motion to dismiss the complaint, contending, in relevant part, that: (1) the District Court lacked personal jurisdiction over World Focus and Essar, and (2) Radmore failed to state a claim because he did not plead fraud with the sufficient particularity required by Fed.R.Civ.P. 9.[1]

The District Court granted appellee's motion to dismiss. Citing *Provident Nat'l Bank v. California Fed. Savs. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987), the Court ruled that it lacked general jurisdiction over foreign corporations World Focus and Essar, because Radmore failed to offer competent evidence demonstrating that either corporation had "substantial, continuing and systematic contacts with the forum." (App.201). *See also Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588–89 (3d Cir. 1982). The District Court also rejected Radmore's argument that its personal jurisdiction over Aegis could be imputed onto parent corporations World Focus and Essar,[2] because he failed to demonstrate the requisite alter ego relationship. Thus,

the District Court dismissed Radmore's claims against World Focus and Essar.

Next, the District Court granted Aegis's Rule 12(b)(6) motion to dismiss for failure to state a claim. Relying on *Glassman v. Unocal Exploration Corp.*, 777 A.2d 242, 248 (Del.2001), the District Court noted that Delaware's short-form merger statute permits a majority shareholder of at least 90% of another company's voting stock to merge that corporation into itself without providing notice to the minority shareholders of the merger. *See* Del.Code. a. Tit. 8 § 253(a). Absent fraud or illegality, Delaware law proscribes a minority shareholder from preventing a short-form merger. The shareholder may, however, challenge the valuation of his or her shares in Delaware Chancery Court via an appraisal action. Despite Radmore's protestations to the contrary, the District Court held that his allegations were bald and conclusory, falling "far short of that required to allege fraud pursuant to Fed.R.Civ.P. 9(b)." (App.204). Having failed to adequately plead fraud or illegality, the District Court concluded that appraisal rights were the exclusive remedy available to Radmore.

Finally, the District Court rejected Radmore's assertion that notice was deficient because it related to a merger between Aegis and ACG Acquisition, and not a merger of Aegis into World Focus. The Court reasoned that Radmore's claim of inadequate notice was "disingenuous" because the Schedule 13E-3, filed with the Securities and Exchange Commission and cited in his complaint, makes clear that the merger involved 'Aegis … and ACG Acquisition, Inc.,' a 'wholly owned subsidiary of World Focus.'" (App.207). Furthermore, The District Court noted that Radmore did receive notice through his

---

1. Aegis conceded the District Court's jurisdiction.

2. Essar Investments is a privately held Indian company. It owns no shares of World Focus. (App.397).

broker. Therefore, The District Court granted Aegis's motion to dismiss.

### III.

On appeal, Radmore argues that the District Court erred because: (1) evidence revealed "substantial and significant contacts [between World Focus, Essar and] the Commonwealth of Pennsylvania; (2) the complaint met Rule 9(b)'s heightened pleading standard; and (3) Aegis's notice was deficient. We consider each argument in turn.

A. *The District Court Properly Granted World Focus's and Essar's Motion to Dismiss for Lack of Personal Jurisdiction*

■ The District Court properly ruled that it lacked personal jurisdiction over World Focus and Essar. Radmore correctly notes that the focus of general jurisdiction is on the defendant's relationship with the forum state. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). He continues to advance his argument that jurisdiction can be conferred on World Focus and Essar through their relationships with Aegis. *See* Appellant's Brief. at 20. Assuming, *arguendo*, that a district court could impute personal jurisdiction to a parent through its subsidy because the subsidy was the parent's alter ego, Radmore has failed to offer competent evidence demonstrating that such a relationship existed between World Focus, Essar and Aegis. The only specific piece of evidence Radmore cites in support of his alter-ego theory is an e-mail from Aegis employee and Pennsylvania resident Daniel Mattson to Essar employee Sandip Sen, wherein Mr. Mattson requested approval of an expense voucher. *See* Appellant's Brief at 20. This lone piece of evidence

certainly does not demonstrate that Essar maintained continuous and substantial contacts with Pennsylvania such that the District Court had personal jurisdiction over appellees.

■ Finally, Radmore's attempt to confer personal jurisdiction through World Focus's and Essar's relationships with Essar Global Ltd. and Essar Group, *see* Appellant's Brief at 20–24, also fails because neither Essar Global Ltd. nor Essar Group is a party to this action.[3] Therefore, the District Court properly granted World Focus's and Essar's motion to dismiss for lack of personal jurisdiction.

B. *The Court Properly Granted Aegis's Motion to Dismiss for Failure to State a Claim*

■ Next, the District Court correctly concluded that Radmore failed to plead fraud with the necessary particularity required by Rule 9(b). Indeed, the District Court properly characterized Radmore's allegations as bald assertions, conclusory statements, and improper legal conclusions. *See* Compl. at ¶¶ 34, 40 ("Said price was ... fraudulent.... The Transaction ... lacked fair dealing and fair process.") (App.13–14). Furthermore, the District Court correctly rejected Radmore's only specific allegation—that Aegis fraudulently increased shares of Aegis in order to dilute minority shareholders' interests—because a dispute over share value does not taint a short-form merger such that appraisal rights would no longer be a minority shareholder's exclusive remedy. *See Glassman*, 777 A.2d at 245.

■ Additionally, the "context" of the complaint Radmore contends provides the particularity required by Rule 9(b) demon-

---

**3.** Likewise, Radmore's reliance on the failed bid of Essar Steel to Purchase Pennsylvania corporation Wheeling Pittsburgh does not al-

ter our analysis since he did not name Essar Steel as a defendant in this action.

strates Appellant's fundamental misunderstanding of Delaware's short-form merger statute. Radmore faults the legality of the short-form merger because it was not subject to fairness review and because Aegis did not send out advance notice seeking minority shareholders' approval of the merger. *See* Appellant's Brief at 17. In advancing these arguments, Radmore completely ignores *Glassman's* conclusion that "[b]y enacting a statute that authorizes the elimination of the minority without notice, vote, or other traditional indicia of procedural fairness, [Delaware] effectively circumscribed the parent corporation's obligations to the minority in a short-form merger." 777 A.2d at 243. Aegis was under no legal obligation to seek Radmore's approval of the merger or afford him advance notice of the transaction. Thus, Aegis's supposed inaction cannot serve as the basis for pleading fraud or illegality such that appraisal rights would not remain Radmore's exclusive remedy.

Finally, the District Court correctly held that Radmore had received proper notice of the short-form merger. First, for the reasons noted above and contrary to Radmore's assertions in paragraphs 31 and 42 of his complaint, Aegis was under no legal obligation to give minority shareholders advance notice of the short-form merger. Second, the District Court correctly held that Aegis complied with 8 Del. C. § 262(d)(2), Delaware's appraisal statute. Computershare timely mailed a Notice to Radmore's broker. The Notice clearly set forth the merger's terms, including the corporations involved, the purchase price of minority shareholder's stock, and Radmore's right to seek appraisal. Radmore's reliance on *Gilliland v. Motorola Inc.*, 859 A.2d 80 (Del.Ch. 2004), is misplaced because that case is readily distinguishable. Unlike the deficient notice in *Gilliland*, which only contained "the statutorily mandated information about the mechanics of perfecting a demand for appraisal and no other information relating to the value of the merged entity or its securities," the Notice at bar contained detailed disclosures. 859 A.2d at 82.

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.