**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| IN RE CARE ONE LLC ADVANCEMENT LITIGATION | ) Consolidated<br>) C.A. No. 2025-1286-CDW (NAC) |

**ORDER REGARDING EXCEPTIONS**

**WHEREAS**[1]

A.    Petitioners Elizabeth Straus and Androsky Lugo seek advancement from their former employer Care One LLC ("Care One") for legal fees and expenses incurred in connection with a prior pending action in the United States District Court for the District of New Jersey, captioned *Care One, LLC, et al. v. Elizabeth Straus and Androsky Lugo*, No. 2:25-12742-JKS ("RICO Action").[2]  Petitioners claim an entitlement to advancement as former Care One officers under the company's 2006 Amended and Restated Limited Liability Company Agreement ("2006 LLC Agreement").[3]  Although Care One, at the direction of its majority owner and CEO Daniel Straus,[4] amended the 2006 LLC Agreement to eliminate advancement rights for everyone except Daniel ("2010 Amendment"),[5] Petitioners insist that their then-vested advancement rights remain in effect.

---

[1] Citations to "Dkt." refer to the docket in this matter.  Citations to "Report" refer to the Magistrate's Final Report available at Dkt. 46.  Where the facts are undisputed, the Court cites the Report for expediency.

[2] Report at 78.

[3] Report at 78-81; *see* Plaintiffs Androsky Lugo's and Elizabeth S. Straus' Motion for Summary Judgment ("MSJ Opening Br."), Ex. B ("2006 LLC Agreement") § 7.2(d).

[4] Because Petitioner Elizabeth Straus and relevant non-party Daniel Straus share a last name, the Court refers to them using their first names.  No familiarity or disrespect is intended.

[5] *See* Report at 81-82; MSJ Opening Br., Ex. D ("2010 Amendment"). *See also* MSJ Opening Br., Ex. C ("2015 LLC Agreement") (limited indemnification to Daniel alone).

B.     In January 2026, Petitioners moved for summary judgment on their advancement claims ("PMSJ").[6]   Care One cross-moved for summary judgment, arguing Petitioners are not entitled to advancement because (1) Elizabeth was not an officer; (2) Petitioners' conduct underlying the RICO Action occurred after Care One eliminated officer advancement rights; and (3) equitable estoppel and unclean hands barred advancement for Lugo ("DMSJ").[7]   After oral argument on February 11, 2026, the Senior Magistrate in Chancery issued a final report ("Report") granting the PMSJ and denying the DMSJ.[8]   The Senior Magistrate held (1) Section 7.2(d) of the 2006 LLC Agreement entitled Petitioners to advancement for the RICO Action; (2) the 2010 Amendment did not eliminate those previously vested rights; and (3) there was not "clear evidence of [Lugo's alleged] underlying inequitable conduct."[9]

C.     On February 16, 2026, Care One timely filed exceptions to the Senior Magistrate's Report ("Exceptions").[10]   The Exceptions only challenge the Senior Magistrate's ruling that equitable estoppel and unclean hands do not obviate Lugo's

---

[6] *See* Report at 78; MSJ Opening Br.

[7] *See* Defendant Care One, LLC's Answering Brief in Opposition to Plaintiffs' Motion for Summary Judgment and Opening Brief in Support of Cross-Motion for Summary Judgment ("MSJ Opp'n Br.") (Dkt. 26).

[8] Report at 93-94.  After the Senior Magistrate's ruling Care One voluntarily dismissed the RICO Action. *See* Defendant Care One, LLC's Opening Brief in Support of Exceptions to Senior Magistrate's February 11, 2026 Rulings on Cross-Motions for Summary Judgment ("Exceptions Opening Br.") at 1-2 (Dkt. 40).

[9] *Id.* at 82-93.  Notably, in so ruling the Senior Magistrate held "that Section 7.2(d) in the 2006 [LLC] [A]greement is unambiguous." *Id.* at 82-83.

[10] *See* Defendant Care One, LLC's Notice of Exceptions to the February 11, 2026 Telephonic Final Report of the Senior Magistrate on Cross-Motions for Summary Judgment (Dkt. 36).

2

advancement rights.[11]  Specifically, Care One argues the Senior Magistrate applied the wrong burden of proof and improperly weighed disputed material facts, most importantly Daniel's Affidavit in support of DMSJ ("Daniel's Affidvit").[12]

**IT IS ORDERED** this 1st day of April, 2026 as follows:

1.     A hearing on the Exceptions is unnecessary.  The Court has considered the Report and record before the Senior Magistrate *de novo*.[13]

2.     Delaware public policy favors advancement.[14]  The Court typically "summarily determine[s] a corporation's obligation to advance expenses (including attorneys' fees)."[15]  Often, "[s]ummary judgment is an appropriate way to resolve advancement disputes because 'the relevant question turns on the application of the terms of the corporate instruments setting forth the purported right to advancement and the pleadings in the proceedings for which advancement is sought.'"[16]  Yet, a fact-intensive equitable defense directed to former in-house counsel's entitlement to advancement, based on that counsel's involvement in amending the advancement

---

[11] *See* Exceptions Opening Br. at 1-9, 24-52.  Because Care One does not take exception to the Senior Magistrate's ruling that the 2006 LLC Agreement grants Petitioners advancement rights, this order and any further developments in this case do not impact Elizabeth's right to advancement for the RICO Action.

[12] *See id.* at 24-52; Affidavit of Daniel E. Straus (Dkt. 26).

[13] *Wells Fargo Bank, NA v. Strong*, 2014 WL 6478788, at *3 (Del. Ch. Nov. 19, 2014) ("This Court reviews the legal and factual findings of a Master's report *de novo*." (citing *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999)).

[14] *Riker v. Teucrium Trading, LLC*, 2023 WL 4411609, at *2 (Del. Ch. July 7, 2023)

[15] *O'Brien v. IAC/Interactive Corp.*, 2009 WL 2490845, at *7 n.39 (Del. Ch. Aug. 14, 2009).

[16] *Ahmed v. JPMorgan Chase & Co.*, 2026 WL 251542, at *5 (Jan. 21, 2026) (quoting *Rhodes v. bioMerieux, Inc.*, 2024 WL 669034, at *7 (Del. Ch. Feb. 19, 2024)).

right contrary to his client's instructions and without advising the client of that outcome, may preclude resolution of the dispute at summary judgment.[17]

3. The Court agrees with Petitioners that the Senior Magistrate did not suitably consider Daniel's Affidavit,[18] which stands uncontroverted regarding several key points and, in conjunction with other evidence, creates genuine issues of material fact concerning whether inequitable conduct eliminates Lugo's advancement rights.[19] Daniel's Affidavit states under oath that Daniel (1) delegated Care One's day-to-day management to officers like Lugo;[20] (2) told Lugo he wanted the 2010 Amendment "to make sure no one besides [Daniel] could ever [] claim to be entitled to mandatory advancement";[21] and (3) "played no substantive role in [the 2010 Amendment's] drafting or content," but "relied entirely on Lugo."[22] Other evidence, including Lugo's own affidavit, supports those assertions.[23]

---

[17] *See, e.g.*, *Lee v. Linmere Homes, Inc.*, 2008 WL 4444552, at *6 (Del. Super. Oct. 1, 2008).

[18] Indeed, the Report does not mention Daniel's Affidavit or discuss the assertions made therein. *See* Report.

[19] *See Boerger v. Heiman*, 965 A.2d 671, 673 (Del. 2009) ("Summary judgment may not be granted where, as here, there are material issues of fact in dispute.").

[20] Daniel Aff. ¶¶ 2-3, 6-7.

[21] *Id.* ¶ 21.

[22] *Id.* ¶¶ 21, 23.

[23] *See* Affidavit of Androsky Lugo in Support of Reply Brief of Androsky Lugo and Elizabeth S. Straus in Support of their Motion for Summary Judgment and Answering Brief in Opposition to Care One, LLC's Opening Brief in Support of Motion for Summary Judgment ("Lugo Aff.") ¶¶ 7-14 (touting Lugo's extensive authority at Care One, where he "was responsible for everything[.]" (internal quotation marks omitted)), 18 ("[Daniel] directed me to amend the 2006 LLC Agreement to eliminate advancement and indemnification rights[.]") (Dkt. 29); MSJ Opp'n Br., Ex. 19 at 84-85 (Lugo stating he participated in discussions with outside counsel regarding drafting the 2010 Amendment and Daniel did not "review the amendment before it was adopted[.]"), 166-67 (Lugo stating he "understood what the intent was and what was needed to be accomplished" concerning the 2010 Amendment); *id.*, Exs.

4

4. Additionally, Daniel's Affidavit states (1) Lugo told Daniel the 2010 Amendment "would accomplish [his] directive to eliminate mandatory officer advancement in full"; (2) Lugo "never advised [] that there was any risk that any [] [] officer could later claim to have such rights"; (3) Daniel "had no reason to doubt Lugo's assurances"; and (4) if Daniel knew vested advancement rights remained in effect he would have insisted on waivers from officers like Lugo.[24] Neither Lugo's affidavit nor any other evidence refutes those points.[25] Indeed, Lugo's affidavit states Care One's Delaware Counsel made clear that only a waiver could eliminate previously vested advancement rights.[26] According to Daniel's Affidavit, Lugo, Care One's general

---

13-14 (emails from Lugo to Care One's outside counsel instructing them regarding the 2010 Amendment's purpose).

[24] Daniel Aff. ¶¶ 21-27.

[25] *See generally* Lugo Aff. Petitioners argued nothing cited by Care One indicates that Lugo made the affirmative statement that the 2010 Amendment would be effective to eliminate all advancement rights, even for existing officers. Reply Brief of Androsky Lugo and Elizabeth S. Straus in Support of their Motion for Summary Judgment and Answering Brief in Opposition to Care One, LLC's Opening Brief in Support of Motion for Summary Judgment at 22 (Dkt. 29). Yet, unsworn assertions cannot overcome a contrary sworn affidavit at summary judgment. *See Gilliland v. Motorola, Inc.*, 859 A.2d 80, 85-86 (Del. Ch. 2004).

[26] Lugo Aff. ¶ 18. Lugo's affidavit does assert that Daniel knew that "an explicit waiver agreement" was needed to eliminate vested advancement rights. *Id.* To the extent that assertion contradicts Daniel's Affidavit "the Court, on summary judgment, cannot weigh such conflicting evidence or make credibility determinations." *Cercacor Lab's, Inc. v. Metronom Health, Inc.*, 2025 WL 1180186, at *14 (Del. Super. Apr. 23, 2025); *see Cerberus International Ltd. v. Apollo Management, L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

5

counsel,[27] never informed Daniel that he needed individual waivers to eliminate vested contractual rights.[28]

5.     Petitioners do not meaningfully dispute that Daniel's Affidavit raises factual issues.[29]  Instead, Petitioners argue "Daniel's self-serving affidavit, which is unsupported by anything else in the record, is insufficient on its own to create a genuine issue of material fact."[30]  Not so.  As discussed, documents and Lugo's own affidavit support several relevant statements in Daniel's Affidavit.  That some assertions in Daniel's Affidavit stand alone is of no moment – a proper affidavit by itself is evidence for summary judgment purposes.[31]  True, Delaware courts have

---

[27] Lugo Aff. ¶ 10.  The Delaware Supreme Court has long held that "in Delaware [] an attorney is bound by a fiduciary duty in his dealings with his client. As a fiduciary, 'an attorney is bound to the highest degree of fidelity and good faith. Strict adherence to this rule of conduct is required by time honored, deeply rooted concepts of public policy.'" *In re Kennedy*, 442 A.2d 79, 89 (Del. 1982) (quoting *Melson v. Michlin*, 223 A.2d 338, 344 (Del. 1966)).  Accordingly, "[i]t is a lawyer's duty to promptly keep his client reasonably informed and to give straightforward and honest advice." *Murrey v. Shank*, 2011 WL 4730549, at *1 (Del. Super. Aug. 30, 2011).

[28] Daniel Aff. ¶¶ 22-27.

[29] *See* Answering Brief of Androsky Lugo and Elizabeth S. Straus in Opposition to Care One, LLC's Exceptions to Senior Magistrate's February 11, 2026 Rulings at 16 ("*Aside from Daniel's self-serving affidavit*, the record evidence supports the conclusion reached by the Senior Magistrate."), 18 ("[N]othing cited by Care One *outside of Daniel's self-serving affidavit . . .*"), 22 ("there is nothing in the record (*aside from Daniel's self-serving affidavit*).") (Dkt. 50) (emphases added).

[30] *Id.* at 20-23 (citing *Paul Elton, LLC v. Rommel Delaware, LLC*, 2021 WL 641588, at *5 (Del. Ch. Dec. 30, 2021)).

[31] *See Kaminski v. Kaminski*, 1995 WL 106497, at *2 (Del. Ch. Feb. 24, 1995) (citing Ch. Ct. R. 56(e)); *Tolliver v. Musser*, 2026 WL 226606, at *5 n.60 (Del. Super. Jan 28, 2026) ("Evidence presented in a self-serving affidavit is enough to thwart a summary judgment motion, unless it fails to meet the usual requirements of any other form of evidence at that stage." (citation modified)).

6

rejected affidavits "bereft of specific factual support,"[32] "filled with hearsay, legal conclusions, and self-serving justifications"[33] or that "merely reassert [allegations] from the complaint."[34] Yet, Daniel's Affidavit is no such affidavit – it contains specific factual assertions made based on Daniel's personal knowledge.[35] Therefore, I am compelled to conclude it was improper for the Senior Magistrate to disregard Daniel's Affidavit in granting PMSJ.[36]

6.      The Court concludes upon a *de novo* review that Daniel's Affidavit and the other evidence discussed, viewed in the light most favorable to Care One, *could* allow a rational trier of fact to conclude that Care One carried its substantive

---

[32] *Trustwave Holdings, Inc. v. Beazley Insurance Company, Inc.*, 2024 WL 1112925, at *22 (Del. Super. Mar. 14, 2024).

[33] *Paul Elton*, 2021 WL 641588, at *5.

[34] *Wilson v. Metzger*, 2021 WL 2355230, at *1 (Del. Super. June 9, 2021).

[35] *See generally* Daniel Aff.

[36] *See Cerberus*, 794 A.2d at 1151 ("If the matter depends to any material extent upon a determination of credibility, summary judgment is inappropriate. . . . If a trial court must weigh the evidence to a greater degree than to determine that it is hopelessly inadequate ultimately to sustain the substantive burden, summary judgment is inappropriate.").

7

evidentiary burden to prove unclean hands or equitable estoppel.[37]  Thus, the Senior Magistrate erred by granting PMSJ on Care One's equitable defenses.[38]

7.　　Accordingly, the Court sustains Petitioners' Exceptions and overrules the portion of the Senior Magistrate's Report granting PMSJ on Care One's equitable defenses.  The parties are instructed to contact the Court to schedule a prompt trial to resolve this advancement dispute.

*/s/ Nathan A. Cook*
Vice Chancellor Nathan A. Cook

---

[37] *See id.* at 1149-50; *see Nevins v. Bryan*, 885 A.2d 233, 249 (Del. Ch. 2005), *aff'd*, 884 A.2d 512 (Del. 2005) ("The party claiming estoppel must demonstrate that: (i) they lacked knowledge or the means of obtaining knowledge of the truth of the facts in question; (ii) they reasonably relied on the conduct of the party against whom estoppel is claimed; and (iii) they suffered a prejudicial change of position as a result of their reliance. . . . Furthermore, equitable estoppel must be proven by clear and convincing evidence."); *Tafeen v. Homestore, Inc.*, 2004 WL 556733, at *6 (Del. Ch. Mar. 22, 2004) ("The equitable doctrine of unclean hands bars litigants who have acted inequitably from seeking what might otherwise be available relief. This Court uses the doctrine to protect the integrity of itself and those who come before it."); *Stone & Paper Investors, LLC v. Blanch*, 2021 WL 3240373, at *23 (Del. Ch. July 30, 2021), *aff'd*, 312 A.3d 1155 (Del. 2024) ("The Defendants bear the burden of persuasion to establish unclean hands by a preponderance of the evidence.").

[38] *See Cerberus*, 794 A.2d at 1150-51 ("The judge who decides the summary judgment motion may not weigh qualitatively or quantitatively the evidence adduced on the summary judgment record. The test is not whether the judge considering summary judgment is skeptical that plaintiff will ultimately prevail. Stated differently, the judge as gate-keeper merely considers whether the finder of fact could come to a rational conclusion either way, not whether that conclusion would be objectively reasonable.").