PERFECT PHOTO EQUITIES, INC.,
a New York corporation,
Plaintiff,

*vs.*

AMERICA CORPORATION, a Delaware corporation,
Defendant,

KEMLINE INDUSTRIES, INC., a Delaware corporation,
Additional Defendant.

*New Castle, August 19, 1965.*

*Richard L. McMahon,* of Berl, Potter & Anderson, Wilmington, for plaintiff.

*Joseph A. Rosenthal,* of Cohen, Morris & Rosenthal, Wilmington, for defendant.

SEITZ, Chancellor: Plaintiff corporation ("plaintiff") seeks to compel the defendant corporation[1] ("defendant") to transfer into plaintiff's name certificates for 155,425 of its shares tendered by plaintiff. Defendant's unverified answer included certain affirmative defenses plus a counterclaim for an accounting. Defendant also obtained an order making Kemline Industries, Inc. ("Kemline") an additional defendant under *Chancery Rule* 13(h), *Del.C.Ann.* Although served, it did not enter an appearance.

The plaintiff filed a motion for summary judgment supported by affidavits. Defendant filed counter affidavits. This is the decision on the motion. Defendant's basic defense is that plaintiff is not entitled to a transfer because it is chargeable with knowledge that the shares were the subject of a conveyance which was fraudulent as to defendant.

In August 1963, defendant registered 155,425 shares of its common stock in Kemline's name and issued certificates therefor. On May 21, 1964, Kemline borrowed $150,000 from Chemical Bank New York Trust Company ("Chemical"). Kemline delivered the stock certificates in question to Chemical along with duly executed stock powers in blank pursuant to a collateral loan agreement authorizing Chemical to sell the stock upon default. The proceeds of the loan were deposited in Kemline's checking account.

On July 20, 1964, Kemline defaulted on its loan. In preparation for sale of the shares, Chemical completed the stock powers by inserting the name of its nominee and delivered the certificate and powers to defendant's transfer agent for transfer.

On August 6, 1964, defendant's president apparently advised Chemical's agent that he was considering the placing of a stop on the shares. On August 13, 1964, the transfer agent refused to make transfer to Chemical on the basis of instructions from defendant. The certificates and powers were returned to Chemical with certain

---

1. Defendant is now known as Pathe Industries, Inc.

notations stamped thereon. The record does not disclose whether Chemical was given the underlying reasons for the refusal to transfer.

On August 28, 1964, Chemical sold the shares under the loan agreement to Diversifax Corporation ("Diversifax") for $155,425 and received such payment. Chemical, at the request of Diversifax, delivered the certificates to Bankers Trust Company ("Bankers"), along with the appropriate stock powers.

On October 26, 1964, Diversifax sold the shares to plaintiff, with full recourse, for $156,979.25, subject to a collateral loan agreement with Bankers. Bankers held the certificates and blank stock powers to secure its loan.

On October 29, 1964, pursuant to plaintiff's instructions, Bankers presented the certificates and powers to defendant's transfer agent whose agent stated that it was maintaining a stop order against transfer of such shares on defendant's instructions. The certificates and powers were returned to Bankers. This action follows.

There is no issue in this case concerning the mechanical regularity of the various transfers. Nor does defendant claim that the original issuance of the shares to Kemline was invalid or that Kemline's title to the stock was otherwise defective. Defendant's sole claim against plaintiff's right to have the shares transferred is that, contrary to the *Fraudulent Conveyance Act,* Kemline pledged the stock with Chemical with an actual intent to defraud Kemline's "creditors", of which defendant is one, and that Chemical as well as each subsequent party in the chain of title "were or should have been on notice" of Kemline's frauds at the time they entered into the above described transactions.

Defendant contends that the record is in conflict as to whether Chemical had "knowledge" of the alleged frauds at the time of its loan to Kemline. If this is so, then I must turn to the others in plaintiff's chain of title to see whether any of them took under circumstances, undisputed in the record, which negative defendant's defense to plaintiff's action. If the "knowledge" issue is in dispute on the record then, of course, plaintiff's motion must be denied.

■ I turn first to the record facts concerning the Kemline loan. Plaintiff says that Chemical had no knowledge of the frauds charged against Kemline when it entered into the loan agreement. This, if true, would be a complete defense. This is so because under 6 *Del.C.* §1309, a purchaser (including a pledgee) for fair consideration without knowledge of the fraud at the time is protected from such a claim, as are his successors in interest.

Parenthetically, I note that while plaintiff cites the *Uniform Stock Transfer Act,* it does not deny that the *Uniform Fraudulent Conveyances Act* is applicable and controlling as to its subject matter. Also, the parties agreed that Delaware law should be applied even though the transactions presumably took place in New York. This was apparently done because both states have the same pertinent statutory provisions and no issue of statutory interpretation is involved. Delaware statutes will therefore be applied.

It is not necessary for present purposes to spell out in detail the frauds relied on by defendant in defending this action. They took place before the pledge by Kemline and involved alleged embezzlements of defendant's assets by Kemline as well as the fraudulent use of defendant to guarantee Kemline's obligations. At some point thereafter Kemline became insolvent. Plaintiff does not challenge the defendant's assertion that Kemline's acts, if proved, would be frauds within the *Fraudulent Conveyances Act.* What does the record show with respect to Chemical's knowledge of Kemline's alleged frauds at the pledge date?

■ Preliminarily, it is true, as defendant says, that we are concerned with a factual issue, viz., Chemical's knowledge at the pledge date. But if the facts material to such issue are definitive and undisputed on the record which may be employed in connection with summary judgment motions (*Chancery Rule* 56), then the court must ordinarily decide the motion. I turn to the record.

Plaintiff does not deny that the alleged frauds by Kemline against defendant are clearly set forth in its answer and counterclaim.

Furthermore, I think it must be inferred that defendant's pleadings charge Kemline with an *intent to defraud* when it executed the pledge agreement and charge Chemical with knowledge of such frauds at the time. Thus, on the pleadings, Chemical's knowledge at the pertinent time is in issue and is relevant.

■ But plaintiff's counsel properly points out that if its affidavits negate defendant's pleading claim, then, under *Chancery Rule* 56, it is entitled to summary judgment unless defendant puts acceptable contravening material in the record by affidavit or otherwise.

I look first then to see whether plaintiff's affidavits completely negative the pleading issue posed by defendant concerning Chemical's knowledge of Kemline's frauds at the date of the pledge. The only affidavit filed by plaintiff which is relevant on that issue was given by a vice-president of Chemical. It is based on personal knowledge. He recites therein that on May 21, 1964, Chemical made a $150,000 loan to Kemline; that at the same time it took Kemline's note and collateral represented by the stock certificates now in dispute, along with signed stock powers. The proceeds of the loan were credited to Kemline's checking account. The affidavit then reads:

> "At the time of the making of said loan to Kemline and the receipt of the stock of America Corporation as security therefor, neither I nor the Bank had any knowledge of any claimed defect in Kemline's title to said shares of stock and said loan was made in reliance upon the ownership of said stock by Kemline."

It was also recited in the affidavit that when transfer was refused after Kemline's default, Chemical was for the first time put on notice "of any claimed defect in the title of Kemline to the stock."

■ What Chemical says in its affidavit is that it did not have any knowledge at the crucial time that there was any claimed defect in Kemline's title. But defendant freely admits that there was no defect in Kemline's title to the shares. What defendant says is that Kemline, based on facts totally apart from any issue as to ownership of the

shares, fraudulently pledged the shares with Chemical at a time when Chemical had "knowledge" of such frauds. If proved, plaintiff was a party to a fraudulent conveyance (perhaps *inter alia*) under 6 *Del.C.* §1307. As to this issue plaintiff's affidavits are silent.

The foregoing analysis shows that plaintiff has failed in its sworn material to negate a permissible issue posed by defendant in its pleading. This is so regardless of the effect to be accorded defendant's affidavits with respect to this issue. It follows that plaintiff is not entitled to summary judgment on this record insofar as it relies upon the insulating effect of the pledge of the certificates to Chemical.

Plaintiff's brief does not seem to argue that any of the transfers subsequent to the pledge with Chemical constituted transfers of the character necessary to cut off defendant's right to assert the present defense and claim under the *Delaware Fraudulent Conveyances Act.* 6 *Del.C.* §1301 et seq. In any event, the present record would not permit a decision thereon on this motion. I say this partly because of certain statements appearing in defendant's affidavits which may be construed to show knowledge in later parties in plaintiff's chain. Also, defendant's pleading charges subsequent transferees with knowledge of the frauds and none of plaintiff's affidavits deny such charge. I need not consider on this issue what effect should be given the stampings put on the certificates when Chemical first attempted to have them registered.

Thus, plaintiff has not shown from an undisputed record that any party in its chain of title obtained its interest at a time when it was unsullied by defendant's fraudulent conveyance claim. It follows that plaintiff's motion for summary judgment must be denied.

Present order on notice.