William FEINBERG and Morris Feinberg, successor Administrator to Peter Feinberg, Administrators C.T.A. of the Estate of Harry Feinberg, Deceased, Plaintiffs Below, Appellants,

v.

Keila MAKHSON, Jean Dahl, Irving Newman, Leonard Newman, Rose Cohen, Samuel Schwartz, Marvin Robert Blumberg, Allen Irving Blumberg, Sonia J. F. Klimoff, Henry Arthur Feinberg, Ida Slutsky, Harriet Ruth F. Pernick, Judith A. F. Wilk, Susan Feinberg Johnson, Isidor Rubin and Peter Feinberg, Defendants Below, Appellees.

Ida SLUTSKY and Yetta Rubin, in behalf of her Deceased husband, defendant Isidor Rubin, Appellants,

v.

Keila MAKHSON, Appellee.

Nos. 234, 1977, 255, 1977.

Supreme Court of Delaware.

Submitted May 25, 1979.

Decided Sept. 6, 1979.

Richard David Levin, of Levin, Spiller & Twer, Wilmington, for plaintiffs-appellants.

William D. Bailey, Jr. and David C. McBride, Wilmington, for defendant-appellee, Keila Makhson.

Robert S. Weiner, of Woloshin & Tenenbaum, Wilmington, for defendants-appellants.

Before McNEILLY, QUILLEN and HORSEY, Justices.

PER CURIAM:

The personal representatives of a decedent's estate appeal a summary judgment determination and order that one of the parties-defendant, a citizen and resident of the U.S.S.R. who claims to be decedent's blood sister and nearest relative, Keila Makhson, is in fact such person and is entitled to the estate of decedent, Harry Feinberg who died testate, a resident of New Castle County, Delaware, in 1943, leaving all of his estate to his "nearest relatives."

In 1960[1] and about two years after the administrators of the estate had distributed substantially all of the assets to persons living in the United States who had been determined to be decedent's next of kin, claim was asserted by a person claiming to be Keila Makhson, a Russian citizen, that she was decedent's sister and therefore entitled to decedent's estate. The administrators then petitioned the Court of Chancery for instructions as to who was entitled to decedent's estate. In 1977[2] the Court of Chancery granted summary judgment in favor of Makhson; ordered the personal representatives to render an accounting and to pay over to Makhson the undistributed balance of the estate less reserves for debts and taxes; and the Court reserved jurisdiction to determine the liability of the personal representatives and the estate distributees to Keila Makhson for the remaining assets of the estate that had been previously distributed.

On appeal, the personal representatives argue that summary judgment was improvidently granted because of unresolved material issues of fact relating to the identity of Makhson. Their primary contention is that the court below erred in granting summary judgment in that it relied upon hearsay evidence, documents reconstructed after World War II, and Russian court decrees resulting from *ex parte* hearings.[3] The question before us is not

---

1. The record is unclear as to the precise year. However, the date is immaterial for the purpose of this decision.

2. The regrettably long delay was brought about in part by difficulties in communication, retirement from the bench of the Vice Chancellor

before whom the case was originally heard, and changes in the personal representation of the estate and change of counsel.

3. The representatives argue that Russian reconstructed vital statistics records were not recognizable under a 1964 Consular Conven-

whether Makhson has conclusively established that she is the sister of decedent but rather, whether the Court of Chancery, under the evidence before it and the circumstances, properly granted summary judgment. Without adopting the reasoning of the Vice Chancellor, we hold that on the particular facts of this case, summary judgment was properly granted.

 It is settled law in Delaware that where a moving party's affidavits in support of a Rule 56 motion negate the opposing party's pleadings, the opposing party must submit countervailing evidence or affidavits or judgment may be granted. *Perfect Photo Equities, Inc. v. America Corporation*, 42 Del.Ch. 372, 212 A.2d 808 (1965). Makhson, through counsel, presented the Court with her affidavit swearing to the fact that she is the sister of decedent as well as numerous certificates issued by the Bureau of Vital Statistics of the U.S.S.R. relating to her pedigree.

Between the time that Makhson's claim was formally brought to the attention of the personal representatives of the estate and the lower court's summary judgment determination, a period of some 15 years had elapsed. Over this period of time the personal representatives have repeatedly expressed their doubt as to the validity of claimant's contention that she is Keila Makhson and decedent's blood sister. But the representatives now, if not previously, concede that decedent Feinberg had a sister at one time living in Russia whose name was Keila Makhson. The personal representatives have, over the above lengthy period of time, undertaken no discovery by way of deposition, written interrogatories, or deposition upon written interrogatories of claimant to resolve the question. The personal representatives have failed to unearth any evidence to refute Makhson's claim; and their affidavit opposing summary judgment does not go beyond stating that they have endeavored to ascertain whether any next of kin of decedent might be living in the U.S.S.R. but that all efforts

have proved fruitless. Their affidavit in opposition to summary judgment states no more than that they have no information to support or refute Makhson's claim that she is decedent's sister. The affidavit they rely on was made in June 1964.

Clearly, the personal representatives' affidavit fails to overcome the admonition of Chancery Rule 56(e) that a party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." The affidavit of the personal representatives does little more than affirm their doubt as to the proof of Makhson's assertion that she is the sister of decedent.

It is clear beyond question that more than a reasonable time, indeed an inordinate amount of time, has been afforded the estate's representatives within which to demonstrate the existence of a genuine issue of fact that would bar summary judgment. None having been shown, we hold that appellee has established, by competent and uncontradicted evidence, that she is Keila Makhson, sister of decedent, and hence, the Vice Chancellor was justified in granting summary judgment in her favor.

In view of the Court's reservation of jurisdiction for the purpose of determining liability, if any, of the personal representatives and the estate distributees to Makhson for sums already distributed to them, the holding hereof is not to be construed as determinative in any way of the remaining unresolved issues in this case.

The judgment of the Court of Chancery is affirmed.

tion with Russia because not drawn and executed in conformity with the controlling law, Delaware, 16 *Del.C.* § 3131 and 10 *Del.C.* § 4309. We reject the contention.